IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

HARVEY REINHOLD          :          CIVIL ACTION          JUN 18 2008

                         :                                MICHAEL E. KUNZ, Clerk
          v.             :                                By_____Dep. Clerk
                         :
GERALD ROZUM, ET AL.     :          NO. 07-5154

## ORDER-MEMORANDUM

**AND NOW,** this 18th day of June, 2008, upon careful and independent consideration of the

Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1) and all

attendant and responsive briefing, and after review of the Report and Recommendation of United

States Magistrate Judge Arnold C. Rapoport (Docket No. 12), and consideration of Petitioner's

Objection to the Magistrate Judge's Report and Recommendation (Docket No. 13), **IT IS HEREBY**

**ORDERED** that:

1.  Petitioner's Objection is **OVERRULED;**

2.  The Report and Recommendation of Judge Rapoport is **APPROVED** and
    **ADOPTED;**

3.  The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is
    **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

4.  There is probable cause to issue a certificate of appealability limited to the following
    issue: May the decision of the United States Supreme Court in <u>Cunningham v.</u>
    <u>California</u>, 549 U.S. 270 (2007), apply retroactively to cases on collateral review?

Harvey Reinhold filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

in the United States District Court for the Middle District of Pennsylvania. It was transferred to this

Court on December 4, 2007. By Order of January 17, 2008, we referred this matter to United States

Magistrate Judge Arnold C. Rapoport for the preparation of a Report and Recommendation. On May 14, 2008, the Magistrate Judge recommended that the Petition be dismissed without an evidentiary hearing, but also recommended that there was probable cause to issue a certificate of appealability. On May 29, 2008, Reinhold filed an Objection to the Report and Recommendation raising only the following issue: whether the decision by the United States Supreme Court in Cunningham v. California, 549 U.S. 270 (2007), applies retroactively to cases on collateral review such that his habeas petition is not untimely. For the reasons that follow, we conclude that Cunningham does not apply retroactively, and that Reinhold's habeas petition is therefore untimely. However, we also conclude that there is probable cause to issue a certificate of appealability on this same issue.

The Report and Recommendation fully and adequately describes the procedural and factual background of this case, and Reinhold has not filed any objection to this portion of the Report. Therefore, we need not repeat in full that information here. We pause only to note that Reinhold pled guilty to various crimes, including kidnaping and indecent assault, on July 18, 1994; the trial court sentenced him to 20 to 51 years incarceration; he filed a direct appeal to the Pennsylvania Superior Court which was denied; and he then filed six successive PCRA petitions, the first while his direct appeal was still pending, the second on October 18, 1996, the third on January 20, 1998, the fourth on April 4, 2000, the fifth on August 23, 2004, and the sixth on March 16, 2007. All of his PCRA petitions were dismissed, and the Pennsylvania Superior Court affirmed those dismissals that Reinhold appealed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year period of limitation applies to a motion to vacate, set aside, or correct a sentence under 22 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). Section 2244 states, in relevant part, that the limitation

2

period shall run from the latest of: "the date on which the judgment became final . . . [or] the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1).  In his Objection, Reinhold contends that his habeas petition is timely because it was filed within one year of the Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), which applies retroactively to cases on collateral review.

In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court held that, generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Id. at 310.  However, a new rule will be applied to cases on collateral review if it falls into one of two exceptions. See id. at 311-13.  The first exception, which is not applicable here, applies to a new rule that "places certain kinds of primary, private, individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 307. The second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard v. Banks, 542 U.S. 406, 417 (2004) (citations omitted).  A rule may be "new" either because the decision relied upon by the habeas petitioner itself announced a new rule after his conviction became final, or because the habeas petitioner seeks to apply a prior decision's "old rule" to a novel setting, such that relief would create a new rule by the extension of the precedent. See Stringer v. Black, 503 U.S. 222, 228 (1992).

In Cunningham, the Supreme Court addressed the question of whether a state's determinate sentencing law violates a defendant's right to a jury trial by placing sentence-elevating factfinding within the judge's province, . Cunningham, 127 S. Ct. at 860.  The Court held that it does,

explaining that the Constitution "proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Id.

Reinhold argues that he is entitled to relief pursuant to the decision in Cunningham because the sentencing judge sentenced him outside the applicable Pennsylvania sentencing guidelines for both the kidnaping and indecent assault charges based on twelve aggravating factors not found by a jury or admitted by him. Because we find that Cunningham is not applicable retroactively, we do not examine whether Reinhold's assertions are valid.

The rule announced in Cunningham is an extension of similar rules announced in Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005). Apprendi, Blakely, and Booker have been conclusively determined under the Teague test not to apply retroactively to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding that Apprendi is not retroactively applicable to cases on collateral review); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005) ("Every federal court of appeals to have considered whether Booker's new rule constituted a 'watershed rule' that would satisfy Teague's second exception has held that it does not and, thus, has held that Booker does not apply retroactively to cases on collateral review.")

Although the United States Court of Appeals for the Third Circuit has not yet had occasion to address the question of whether Cunningham announced a new rule of criminal procedure that applies retroactively to cases on collateral review, other courts have addressed the issue and have answered that question in the negative. See, e.g., Kelly v. California, Civ. A. No. 07-1448, 2008 WL 1901683, *3 (C.D. Cal. Apr. 25, 2008) ("Given that Cunningham applied the reasoning of Apprendi

4

and Blakely . . . , it appears that the Supreme Court would likewise find Cunningham not retroactively applicable."); Fennen v. Nakeyema, 494 F. Supp. 2d 1148, 1155 (E.D. Cal. 2007) ("[T]he undersigned does not believe that Cunningham would be retroactively applied. . . . [T]here is no more reason to find that Cunningham, even further removed from Apprendi would be retroactively applied to cases which have already become final on account of Apprendi's issuance."); Davis v. United States, Civ. A. No. 07-107, 2007 WL 2138619, *2 (E.D. Tenn. July 23, 2007) (holding that Cunningham is not retroactively applicable to cases on collateral review, explaining that "the courts who have addressed this issue have determined Cunningham is not applicable to motions filed under § 2255," and listing cases); Ayala v. Ayers, Civ. A. No. 01-1322, 2007 WL 2019538, *5 (S.D. Cal. July 9, 2007) ("[T]he Cunningham decision announced a new rule of criminal procedure, one which is not a 'watershed' rule and thus cannot be applied retroactively. . .."); Lizardo v. United States, Civ. A. No. 07-10969, 2007 WL 4554201, *4 (D. Mass. 2007) ("Since Cunningham would almost certainly not be considered to announce a "watershed rule" of criminal procedure, the case cannot be retroactively applied.").

The Third Circuit has instructed that this second exception to Teague is "reserved for watershed rules of criminal procedure that not only improve the accuracy of trial, but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Swinton, 333 F.3d at 487 (internal quotations and citation omitted). It has also noted that "[t]o say that this exception is extremely narrow is to understate the issue for, as the Supreme Court itself has noted, it has 'yet to find a new rule that falls under the Teague exception.'" Lloyd, 407 F.3d at 614 (quoting Beard v. Banks, 542 U.S. 406, 417 (2004)). Given that the rule in Cunningham is an extension of Apprendi, Blakely, and Booker, the same reasoning utilized by the Third Circuit to

5

conclude that <u>Apprendi</u> and <u>Booker</u> did not announce a watershed rule of criminal procedure that applied retroactively, applies with equal force to the rule in <u>Cunningham</u>. Consequently, Reinhold's Objection is overruled and his federal habeas petition is untimely.

BY THE COURT:

John R. Padova, J.

6